UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL T. PHELPS,

    Plaintiff,

v.                                       Case No.: 2:20-cv-585-FtM-38NPM

KEVIN RAMBOSK, FNU GABLE,
S. MAGULIERRE, ROBERT
STRIKER and DANIEL PINO,

    Defendants.
_____/

## OPINION AND ORDER[1]

Plaintiff Daniel T. Phelps ("Phelps"), an inmate in the Florida Prison System, is proceeding on his *pro se* Complaint filed under 42 U.S.C. § 1983. (Doc. 1). Plaintiff seeks to proceed i*n forma pauperis* on his Complaint. (Doc. 4). Because the Court finds the Complaint subject to dismissal under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii), the Court will neither grant Plaintiff *in forma pauperis* status, nor assess the $350.00 filing fee under 28 U.S.C. § 1915(b)(1).

The Complaint names the following defendants: Sherriff Kevin Rambosk, Doctor Gable, S. Magulierre, Robert Striker, and Daniel Pano. According to the Complaint, Plaintiff brings his claim for "damages and injunctive relief under 42 U.S.C. § 1983 for "neglect and medical malpractice." (Doc. 1 at 2). Although the

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Complaint identifies five defendants, the Complaint sets forth factual allegations only against Defendant Robert Striker, a Registered Nurse ("Nurse Striker"). Because the Complaint is devoid of any factual allegations against the remaining defendants, the Court finds the Complaint subject to dismissal for failure to allege personal involvement and failure to comply with Fed. R. Civ. P. 8(a)(2).

The Court will therefore address the claim as alleged against Nurse Striker. These facts, which are assumed to be true at this stage of pleadings, are recounted as alleged. Nearly one year ago, Nurse Striker arrived at Phelps' dormitory to transport him in a wheelchair to the Collier County courthouse. (*Id.* at 3). The wheelchair had "broken arms, no brakes and the right wheel was in need of bearings." (*Id.*). Phelps told Defendant Striker that he "was not comfortable riding in a wheelchair in such a condition." (*Id.*). Officer Rivera, not named in this lawsuit, instructed Phelps to get into the wheelchair or face confinement. (*Id.* at 4). After arriving at the courthouse, Phelps was placed alone in a cell and he managed to get out of the chair by placing it against the sink/toilet combination and was able to "ambulate to the courtroom." (*Id.*). After court, when Phelps attempted to sit back into the wheelchair it "slid backward" due to it lacking brakes causing Phelps to fall onto the concrete floor, causing him severe pain. (*Id.*).

Because Phelps seeks to proceed *in forma pauperis*, the Court is to review the complaint *sua sponte* to determine whether it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The standard that governs dismissals under 12(b)(6) applies to dismissals

under § 1915 (e)(2)(B)(ii). *See Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008). However, *pro se* complaints are held to "less stringent standards" than those drafted and filed by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

Under Rule 12(b)(6), a complaint may be dismissed if the claim alleged is not plausible. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). All pleaded facts are deemed true for the purposes of Rule 12(b)(6), but a complaint is still insufficient without adequate facts. *See Bell Atlantic v. Twombly*, 550 U.S. 544, 556 (2007). The plaintiff must assert enough facts to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The asserted facts must "raise a reasonable expectation that discovery will reveal evidence" for the plaintiff's claim. *Twombly*, 550 U.S. at 556. Setting forth "labels . . . conclusions, and a formulaic recitation of the elements of a cause of action" is not enough to meet the plausibility standard. *Twombly*, 550 U.S. at 555. But the Court must read a *pro se* plaintiff's complaint in a liberal fashion. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that the defendant(s) deprived him of a right secured under the United States Constitution or federal law, and (2) the deprivation occurred under color or state law. *See Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). Plaintiff must establish an affirmative causal connection between the defendant's conduct and

the constitutional deprivation. *See Swint v. City of Wadley*, 51 F.3d 988, 999 (11th Cir. 1995). To allege an Eighth Amendment claim, a plaintiff must allege: "(1) a substantial risk of serious harm; (2) the defendant's deliberate indifference to that risk; and (3) causation." *Purcell ex. rel. Estate of Morgan v. Toombs County, Ga.*, 400 F. 3d 1313, 1319 (11th Cir. 2005) (internal citation and quotation marks omitted). Further, to be deliberately indifferent to an inmate's health or safety, the official must <u>both</u> be aware of facts from which the inference can be drawn that a substantial risk of serious harm exists, and the official must draw the inference. *See Purcell ex. rel. Estate of Morgan*, 400 F. 3d at 1319-20 (citation omitted).

Here, there are no allegations Defendant Striker was present in the cell when Plaintiff attempted to get back into the wheelchair or knew Plaintiff would not have assistance to get out of or into the wheelchair. At most, the Complaint predicates liability against Defendant Striker for simple negligence not deliberate indifference under the Eighth Amendment. (*Id.* at 2). "[S]imple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." *Smith v. Regional Director of Florida Dep't of Corr.*, 368 F. App'x 9, 14 (11th Cir. 2010) (internal citations and quotations omitted). The Court finds the Complaint fails to plausibly allege an Eighth Amendment violation against Defendant Striker and will thus dismiss the Complaint without prejudice under 28 U.S.C. § 1915. Because the dismissal is without prejudice, Plaintiff may file a new complaint—under a new case number—with the filing fee or a motion to proceed *in forma pauperis*.

Accordingly, it is now

    **ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice under 28 U.S.C. § 1915A and § 1915(e)(2)(B)(ii)**.

2. The Clerk is **DIRECTED** to enter judgment, terminate any pending motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on October 14th, 2020.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

5